IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DISTRICT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**<br>**Plaintiff** | : : : | |
| -against- | : : | Civil Action No. |
| **$46,558.38 in U.S. CURRENCY,**<br>**Defendant** | : : | |

: : : : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Evan T. Shea, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against U.S. currency involved in violations of the Controlled Substances Act that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## THE DEFENDANTS IN REM

2. The defendant property consists of **$46,558.38** in U.S. Currency (hereinafter, the "Defendant Property").

3. The Defendant Property was seized on June 24, 2013 from Stix-N-Phrases, a store located at 55 W. Franklin Street, Hagerstown, Maryland.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(C).

6. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The defendant currency is subject to forfeiture under the following alternative theories:

   A. Pursuant to 21 U.S.C. § 881(a)(6) because it represents moneys, negotiable instruments and other things of value furnished and intended to be furnished in exchange for a controlled substance or a controlled substance analogue, or proceeds traceable to such an exchange, in violation of 21 U.S.C. §§ 841, 813 and 802(32)(A);

   B. Pursuant to 21 U.S.C. § 881(a)(6) because it represents moneys and negotiable instruments used and intended to be used to facilitate the lease, rent, use, maintenance, management and control of a place, to wit: a business known as Stix-N-Phrases, for the purpose of manufacturing, distributing, storing and using a

Controlled substance or a controlled substance analogue, in violation of 21 U.S.C. §§ 856, 813 and 802(32(A);

8. To the extent that it is necessary to do so, Plaintiff intends to rely on the provisions of 18 U.S.C. § 984 to establish that the defendant property is the property involved in the violations of 21 U.S.C. § 881 (a)(6) described above.

## FACTS

9. The forfeiture is based upon but not limited to, the evidence outlined in the attached Declaration of Todd Webster, Task Force Officer of the Drug Enforcement Administration, which is incorporated herein by reference.

10. Based on the foregoing, there are sufficient facts to support a reasonable belief that the defendant funds are forfeitable to the United States pursuant to 21 U.S.C. § 881 (a)(6).

**WHEREFORE**, the plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the defendant property;

3. That Judgment of Forfeiture be decreed against the defendant property;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the defendant property according to law; and

5. That the plaintiff has such other and further relief as the case may require.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

11/27/2013
Date

Evan T. Shea
Assistant United States Attorney
36 S. Charles Street
Fourth floor
Baltimore, Maryland 21201
Telephone (410) 209-4800

## VERIFICATION

I, Evan T. Shea, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

11/27/2013
Date

Evan T. Shea
Assistant United States Attorney

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of **$46,558.38** in United States Currency (the "Defendant Property").

I, Todd Webster, task force officer ("TFO") of the Drug Enforcement Administration ("DEA"), submit that there are sufficient facts to support a reasonable belief that the **$46,558.38** in United States currency constitutes:

I. (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance or controlled substance analogue in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. §§ 841, 813, and 802(32)(A) and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6); and

II. moneys and negotiable instruments used and intended to be used to facilitate the lease, rent, use, maintenance, management and control of a place, to wit: a business known as Stix-N-Phrases, for the purpose of manufacturing, distributing, storing and using a controlled substance or a controlled substance analogue in violation of 21 U.S.C. §§ 841, 856, 813 and 802(32)(A) and thus subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. In January 2013, a confidential narcotics informant, working at the direction of law enforcement, purchased 3 packages of synthetic marijuana, also known as "spice" from "Stix-N-Phrases," an apparel and clothing store at 55 W. Franklin Street, Hagerstown, Maryland,

1

in Washington County. Three packages bore the "brand names" "Scooby Snax," "WTF Next Generation," and "Mind Trip," respectively.

    b.    The confidential informant paid a total of $100 for the three packages.

    c.    Each of the three packages was tested by the Western Maryland Regional Crime Lab and found to contain the substance XLR-11.

    d.    XLR-11 was made a schedule I controlled dangerous substance on May 16, 2013. *See* 78 Fed. Reg. 28,5735 at 28,739 (codified at 21 CFR § 1308.11(h)).

    e.    On May 23, 2013, two undercover police officers made a controlled purchase of six packages spice at Stix-N-Phrases. Five of the packages bore the brand name "Scooby Snax Kush" and one bore the brand name "Scooby Snax Watermelon."

    f.    Each of the six packages was tested by the Western Maryland Regional Crime Lab and found to contain the substance XLR-11.

    g.    On June 5, 2013, an undercover police officer made a controlled purchase at Stix-N-Phrases of three packages of spice. The undercover officer purchased one 3.5 gram package of "Bizzaro" brand spice for $35, one 10 gram package of "Down2Earth" brand spice for $50.00, and one 1.5 gram package of "Out of this World" brand spice for $15. The employee at the store informed the undercover officer that "Scooby Snax" brand spice was typically sold for $25 per package.

    h.    Lab results from the Western Maryland Regional Crime Lab indicated that the package of "Bizzaro" brand spice and the package of "Down2Earth" brand spice contained the substance XLR-11.

    i.    Title 21 U.S.C. section 802 (32)(A) states:

The term "controlled substance analogue" means "a substance –

    (i)    the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II; [and either]

    (ii)    which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or

    (iii)    with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

*See United States v. Klecker*, 348 F.3d 69, 71 (4th Cir. 2003) (to establish that a substance is an analogue, government must prove a chemical similarity to a controlled dangerous substance and either a similar effect as a controlled dangerous substance or that the defendant represented the substance to have similar effects as a controlled dangerous substance).

    j.    Title 21 U.S.C. section 813 states:

A controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of any Federal law as a controlled substance in Schedule I.

    k.    Congress passed a law making JWH-018 a schedule 1 controlled dangerous substance on March 1, 2011.

    l.    Analysis conducted by DEA on XLR-11 has determined that this substance is substantially similar in chemical structure and has similar pharmacological effects on the central nervous system to those of the Schedule I banned substance JWH-018. *See http://www.deadiversion.usdoj.gov/drug_chem_info/spice/spice_url44_xlr11.pdf.*

    m.    Thus, prior to May 16, 2013, XLR-11 was an analogue of JWH-018, a schedule 1 controlled dangerous substance.

n.      On June 24, 2013, TFO Webster, along with members of the DEA Hagerstown and Washington County Narcotics Task Force, executed a search and seizure warrant issued by the Honorable Judge McDowell of the Circuit Court for Washington County, Maryland at Stix-N-Phrases.

o.      On June 24, 2013, law enforcement seized over three hundred packs of spice and numerous documents used to tally the daily amounts synthetic marijuana (the "Ledgers"). The packages seized bore a number of "brand names" and the Ledgers reflected the sale of those same brand names.

p.      Also recovered was the Defendant Property -- U.S. Currency and coins totaling **$46,558.38** from within the office, safe, and cash register.

q.      The Ledgers reflected the sale of (1) 394 packages of "Bizarro" brand spice; (2) 621 packages of "Scooby Snax" or "Kush" brand spice; (3) 178 packages of "WTF Next Generation" brand spice, and (4) 119 packages of "Down2Earth" brand spice since May 16, 2013.

r.      Using the price of $35 per package of "Bizarro" brand spice, $25 per package of "Scooby Snax" or "Kush" brand spice, $30 per package of "WTF Next Generation" brand spice, and $50 per package of "Down2Earth" brand spice, the ledgers reflect sales of those four brands, alone totaling $40,605.00 since May 16, 2013.

s.      The Ledgers reflected the sale of (1) 1,008 packages of "Bizarro" brand spice; (2) 4,659 packages of "Scooby Snax" or "Kush" brand spice; (3) 2,373 packages of "WTF Next Generation" brand spice, and (4) 525 packages of "Down2Earth" brand spice from September 2012 through May 15, 2013. Using the prices for each brand stated above, theses sales total $249,195.

t. The Ledgers reflected the sale of over 15 other "brand names," including "Mad Hatter" and "iBlown." Substances from packages containing the "Mad Hatter" and "iBlown" brand names have been tested and found to contain XLR-11. The Ledgers reflect the sale of 152 packages of "Mad Hatter" and 78 packages of "iBlown" since May 16, 2013.

u. The Ledgers reflect 152 over 1000 packages of other brand names since May 16, 2013.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND STATE POLICE, IN REFERENCE TO THE SEIZURE OF $46,558.38 U.S. CURRENCY FROM STIX-N-PHRASES ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

TODD WEBSTER,

_____  12/02/13
Task Force Officer
Drug Enforcement Administration

| U.S. Department of Justice<br>United States Marshals Service | PROCESS RECEIPT AND RETURN |
|---|---|
| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER |
| DEFENDANT<br>$46,558.38 U.S. Currency | TYPE OF PROCESS<br>Verified Complaint in Rem |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
BH-13-0032/13-DEA-585248

ADDRESS (Street or RFD, Apartment No., City, State, and ZIP Code)

SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW:

Jennifer Stubbs/Legal Assistant
U.S. Attorney's Office
36 S. Charles Street, 4th floor
Baltimore, Maryland  21201

Number of process to be served with this Form - 285

Number of parties to be served in this case

Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

Signature of Attorney or other Originator requesting service on behalf of: *[signatures]*

TELEPHONE NUMBER: 410-209-4800

DATE: 12/2/13

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated.<br>(Sign only first USM 285 if more than one USM 285 is submitted) | Total Process<br>No. | District of Origin<br>No. | District to Serve<br>No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

☐ I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

Name and title of individual served (If not shown above).

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

Date of Service

Time  am / pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS:

PRIOR EDITIONS MAY BE USED    SEND ORIGINAL + 2 COPIES to USMS.

1. CLERK OF COURT  2. USMS Record  3. Notice of Service  4. Billing Statement  5. Acknowledgment of Receipt

## MEMORANDUM

| | |
|---|---|
| DATE: | December 2, 2013 |
| TO: | Kristine Cupp<br>U.S. Marshal Service |
| FROM: | Jennifer Stubbs<br>Legal Assistant<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. $46,558.38 U.S. CURRENCY**<br><br>**Civil Action No.**<br><br>**CATS ID 13-DEA-585248**<br>**Agency Case No. – BH-13-0032** |

The United States has filed a forfeiture action against **$46,558.38 U.S. CURRENCY.** A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.


Attachment

1